STATE OF VERMONT
WASHINGTON COUNTY, SS.

| | |
|---|---|
| KIM M. TREON, II<br>Plaintiff | ) 2001 MAR -8 WASHINGTON SUPERIOR COURT<br>) P 4: 10<br>) |
| vs. | ) SUPERIOR Docket # 133-3-01Whw<br>) WASHINGTON<br>) |
| TREVOR WHIPPLE (in his individual<br>and official capacities), and THE CITY<br>OF BARRE, VERMONT<br>Defendants | )<br>) 1:01cv 105<br>)<br>) |

### COMPLAINT
(With Request For a Jury Trial)

NOW COMES Plaintiff, Kim M. Treon, II, by and through his attorneys Valsangiacomo, Detora & McQuesten, P.C., and hereby makes complaint as follows:--

### Introduction

1. This is an action for money damages brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution, and under the common law of the State of Vermont, against Trevor Whipple, police officer of the City of Barre, Vermont, in his individual and official capacities, and against the City of Barre, Vermont.

2. It is alleged that Whipple made an unreasonable seizure of the person of Kim M. Treon, II, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that Whipple maliciously prosecuted the Plaintiff as committing other torts against him. It is further alleged that these violations and torts were committed as a result of the failure of the City of Barre to train or supervise Trevor Whipple and was a result of their customs and/or policies.

VALSANGIACOMO,
DETORA & McQUESTEN P.C.
P. O. BOX 625
BARRE, VERMONT 05641
802-476-4181

## Parties

3. Plaintiff Kim M. Treon, II was at all material times a resident of the City of Barre, County of Washington, and State of Vermont.

4. Defendant Whipple was at all times relevant to this complaint a duly appointed and acting officer of the police department of the City of Barre, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Vermont and/or the City of Barre.

5. Defendant Whipple is being sued in his individual and official capacities on account of his acts and omissions under authority of his office as police officer for the City of Barre, Vermont.

6. Defendant City of Barre, Vermont, is a municipal corporation and the public employer of the said officer.

7. The Defendants were, at all time material, "persons" within the contemplation of 42 USC § 1983.

## General Allegations

8. On March 9, 1998, Kim M. Treon II was arraigned and charged with the crime of felony sexual assault in violation of 13 V.S.A. § 3252(a)(1)(A) for allegedly compelling his then girlfriend, Complainant Monica White, to engage in a non-consensual sexual act. Conditions of Release were imposed upon Plaintiff on March 9, 1998 restricting his freedom and liberty.

9. Specifically, the Conditions of Release imposed upon the Plaintiff restricted his freedom of movement, requiring him to be at home every night from 10 pm until 6am; restricted him from traveling out of state; forced him to report for alco-sensor tests every Monday, Wednesday and Friday at the Barre City police

department; restricted his ability to be at school and to move freely about the building since Monica White was also a student at the school; prevented him from being on school grounds except during his actual classes; caused him to miss some of his extra-curricular sporting activities at the school since Monica was present at her sporting events; prevented him from going to his senior prom dance since Monica was going to attend; prevented him from going to an awards ceremony at which he was to receive an award since Monica was going to attend; and restricted his attendance at several graduation activities.

10. These restrictions upon Kim Treon constituted an unreasonable seizure of the person of Kim M. Treon, II, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

11. The criminal charge filed against Kim Treon was based upon an inadequate, improper and biased investigation of the case by Officer Whipple and his subsequent filing of an Affidavit of Probable Cause without a sound and sufficient basis of sufficient and reliable information directly and proximately caused a serious criminal felony charge to be brought against Plaintiff, resulting in deprivations of his constitutional rights and damages to his person, property and reputation.

12. Officer Whipple's investigation specifically failed to gather all of the facts necessary, including the most basic information such as determining what date the alleged rape occurred according to the version of events told by the Complainant.

13. Officer Whipple also failed to investigate exculpatory information, failed to investigate or corroborate the conflicting, inconsistent and highly suspect story of the Complainant, failed to visit the crime scene, failed to interview any witnesses

regarding the actual event including those who were present in the house at the time of the alleged rape.

14. Moreover, Officer Whipple mischaracterized exculpatory information from witness statements (including that of guidance counselor Linda Menard) and wire warrants (in which Kim Treon denied having raped the Complainant) portraying it as inculpatory, or withholding it all together from the Affidavit of Probable Cause which was a knowing and reckless disregard of the truth and resulted in the presentation of suspect testimony to the Court.

15. In addition, Whipple's Affidavit of Probable Cause was a 14 page recitation of information garnered during an investigation which contained rumors, falsehoods, innuendo, and irrelevancies with no effort to substantiate any of the information. There was no reason to place this information into the Affidavit of Probable Cause and such actions evidence malice on the part the Whipple

16. Defendant Whipple also disclosed confidential information regarding the criminal investigation to members of the Washington Investigative Network (hereinafter "WIN") which is an coalition of advocacy groups and law enforcement organizations that receives federal funding under the Violence Against Women's Act grant and was housed by the City of Barre in the City Auditorium building and partially funded by the City of Barre.

17. WIN was involved in weekly meetings with Trevor Whipple who reported regularly to them on his progress in the investigation of the case against Kim Treon prior to and subsequent to the charge being filed against Kim Treon. Whipple was also trained by WIN and/or instructed to follow their investigatory protocols.

18. Trevor Whipple also took direction from WIN regarding his investigation of Kim

Treon which was a direct conflict of interest resulting in his lack of impartiality which affected his ability to investigate properly and caused him to recklessly disregard the truth and truth-seeking function of his investigation. Consequently, Whipple charged Kim Treon without an objective good faith based finding of Probable Cause. Any reasonable police investigator would not have conducted such an inadequate and biased investigation nor would they have concluded that probable cause existed on the facts available to Trevor Whipple.

19. Defendant City of Barre allowed Officer Whipple to be involved with WIN and take direction from WIN instead of, or in addition to the Barre City police department. It was the policy and/or custom of the City of Barre to allow WIN's involvement and/or control over Officer Whipple and the City sanctioned such conduct. The City of Barre knew or should have known that WIN was not authorized under law to be involved in the investigation and prosecution of criminal complaints and that their influence would subvert the truth-seeking process..

20. In addition and/or in the alternative, the City of Barre allowed WIN to assert their influence and control over Officer Whipple and his investigation and failed to appropriately train or supervise Officer Whipple during the investigation of the Treon case.

21. As a result of Whipple's failure to properly investigate, omitting vital exculpatory information, mischaracterizing excupatory information as inculpatory, taking direction from WIN's unauthorized private citizens and then providing highly suspect information to the Court in the Probable Cause Affidavit, Whipple subverted the truth seeking process of the investigation, recklessly and maliciously

disregarded the truth, submitted an Affidavit of Probable Cause without a sufficient basis for Probable Cause, all of which directly and proximately caused Kim Treon to be wrongfully charged with a serious criminal felony and to suffer unconstitutional deprivations of his liberty and damages to his person property and reputation..

22. Moreover, as a result of the City of Barre's policy and/or custom of investigation, including but not limited to WIN's involvement, Kim Treon was wrongfully charged with criminal charges. In addition, or in the alternative, as a result of the City of Barre's failure to train or supervise Officer Whipple, Kim Treon was wrongfully charged with the crimes.

23. Subsequent to the filing of the original charge, Trevor Whipple then engaged in a set-up of Kim Treon, instructing the Complaining Witness Monica White to approach Kim Treon at school and talk to Kim with witnesses present so that Kim would be in violation of his no contact provisions of his Conditions of Release.

24. Whipple then filed an Affidavit of Probable Cause with reckless disregard for the truth and/or with malice causing Kim Treon to be charged with a second criminal offense of violating his Conditions of Release, with full knowledge that Whipple himself had orchestrated the violation. Again, Officer Whipple filed an Affidavit of Probable Cause without there being Probable Cause to support the criminal charge.

25. The Violation of Conditions of Release was withdrawn and/or dismissed by the State on or about May, 1998. The felony sexual assault charge was eventually dismissed voluntarily by the State on or about March 12, 1999. Thus both charges resulted in a favorable termination by March 12, 1999.

26. As a direct and proximate result of the said acts of the defendant Officer Whipple, plaintiff Kim M. Treon, II suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of his physical liberty;

   c. Severe emotion distress, trauma, pain and suffering;

   d. Incurring of the expense of attorneys fees and other expenses to defend himself against the charge.

   e. Subjection to humiliation, embarrassment and impairment of his reputation amongst the members of the community.

## COUNT I

### 42 USC § 1983 Claim Against Officer Whipple

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. In committing the acts and omissions referred to in this complaint as a Barre Policy Officer, Defendant Whipple subjected Plaintiff to the deprivation of rights, privileges and immunities secured to him by the Constitution of the United States including the right not to have prosecution for state criminal offenses instituted and/or maintained against him on the basis on false, misleading, incomplete, inaccurate or deceptive information rather then upon probable cause which is arrived at after a reasonable investigation conducted in good faith.

29. Plaintiff claims damages for the injuries set forth above under 42 USC § 1983 against Defendant Whipple for violation of his constitutional rights under color of

law.

## COUNT II

### Malicious Prosecution against Defendant Trevor Whipple

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Trevor Whipple caused the institution of two criminal proceedings against Plaintiff.

32. Such criminal proceedings were instituted without probable cause in that Whipple did not have an objective good faith basis to make such a finding. As described above, any reasonable police investigator would not have concluded there was probable cause against Kim Treon on either charge because they would have conducted an adequate investigation of the facts and circumstances surrounding Monica White's allegation and would not have purposely set-up Kim Treon to violate his conditions of release. Moreover any reasonable police investigator, would not have recklessly disregarded the truth, subverted the truth finding process, withheld exculpatory evidence from the Court nor mischaracterized exculpatory evidence as inculpatory.

33. The facts and circumstances described above sufficiently evidence the malice of Trevor Whipple against Kim Treon.

34. The Plaintiff received favorable termination of the prior proceedings as both charges were withdrawn and/or dismissed.

35. Lastly, the Plaintiff suffered actual harm as outlined in his claim for damages. Thus, the tort of malicious prosecution has been established.

### Count III

### Against Officer Whipple for negligence

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Trevor Whipple had a duty to adequately investigate the criminal complaint in this matter and to make a finding of probable cause only upon sufficient and reliable information.

38. Whipple breached this duty as outlined in the facts and circumstances described above which directly and proximately caused damage to Kim Treon. Thus, Whipple is liable for the tort of negligence.

## Counts IV & V

### 42 USC § 1983 claims Against City of Barre

**For unconstitutional custom/policy and failure to train/supervise**

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. Prior to March 9, 1998, the City of Barre developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Barre, which caused the violation of Treon's rights.

41. It was the policy and/or custom of the City of Barre to inadequately and improperly investigate criminal complaints involving domestic and sexual assaults, allowing WIN to control, direct and influence these investigations, subverting the truth seeking process, all of which was tolerated by the City of Barre.

42. It was the policy and/or custom of the City of Barre to inadequately supervise and train its police officers, including the defendant officer, thereby failing to adequately discourage constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers

who were know to be improperly influenced by WIN.

43. As a result of the above described policies and customs, police officers of the City of Barre, including the defendant officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Barre to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## Count VI

### Against City of Barre for vicarious liability

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46. Defendant City of Barre as the employer of Whipple is vicariously liable for the acts of Defendant Whipple and the injuries caused to Plaintiff specified in the Complaint.

## Count VII

### Against City of Barre for negligent supervision and training

47. Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48. The City of Barre had a duty to the public and to Kim Treon to properly train and supervise Officer Whipple.

49. The City of Barre breached this duty by failing to train and supervise Officer Whipple, allowing him to conduct an inadequate and biased investigation and to

VALSANGIACOMO,
ETORA & McQUESTEN P.C.
P. O. BOX 625
BARRE, VERMONT 05641
802-476-4181

allow WIN to control and/or influence Whipple's actions.

50. Such failure to train and supervise was the direct and proximate cause of criminal charges being filed against Kim Treon which resulted in damage to Kim Treon's person, property, and reputation. Thus, the City of Barre is liable for negligent training and supervision of Trevor Whipple.

## COUNT VIII

### Defamation Claim Against Trevor Whipple

51. Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52. The facts and circumstances described above with regard to Trevor Whipple publishing innuendo, rumor, irrelevancies, and falsehoods in his Affidavit of Probable Cause and Whipple's actions in discussing the investigation of the case and communicating such information to the members of WIN constitute a publication of a communication of fact concerning the Plaintiff.

53. The information thus communicated was false and defamatory and the Court, the public and the member of WIN understood it to be defamatory and to apply to the plaintiff.

54. Whipple was guilty of fault because it was his responsibility to investigate whether there was sufficient reliable evidence to support probable cause regarding the crime alleged. Reporting false information, rumor, innuendo and irrelevant information does not properly support the truth-seeking function and evidences Whipple is guilty of fault in publishing such falsehoods.

55. As described above, the information published caused great embarrassment, humiliation, damage to reputation, emotional distress and pain and suffering.

VALSANGIACOMO,
ETORA & McQUESTEN P.C.
P. O. BOX 625
BARRE, VERMONT 05641
802-476-4181

## COUNT IX

**Intentional and/or Reckless Infliction of Emotional Distress by Officer Whipple**

56. Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57. The actions of Trevor Whipple as outlined above are extreme and outrageous and were done intentionally or with reckless disregard of the probability of causing emotional distress.

58. Such actions did in fact cause Kim Treon to suffer severe emotional distress. Consequently, Whipple is liable for the tort of Intentional and/or Reckless Infliction of Emotional Distress.

WHEREFORE, the plaintiff requests that this Court:

1. Award compensatory damages to plaintiff against the defendants, jointly and severally;

2. Award costs of this action to the plaintiff;

3. Award reasonably attorneys' fees and costs to the plaintiff on Counts I, III and IV of the complaint;

4. Award such other and further relief as this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

Dated at City of Barre, County of Washington, State of Vermont this 8th day of March, 2001.

Kim M. Treon, II, Plaintiff

By: /s/ L. Brooke Dingledine
Oreste V. Valsangiacomo, Jr., Esq.
L. Brooke Dingledine, Esq.
Valsangiacomo, Detora and McQuesten, P.C.

VALSANGIACOMO,
DETORA & McQUESTEN P.C.
P.O. BOX 625
BARRE, VERMONT 05641
802-476-4181

FILED

STATE OF VERMONT
WASHINGTON COUNTY, SS.

| | |
|---|---|
| KIM M. TREON, II<br>Plaintiff | SUPERIOR WASHINGTON SUPERIOR COURT<br>WASHINGTON<br>)<br>) Docket # 63-3-01 Wncv<br>)|
| vs. | ) |
| TREVOR WHIPPLE (in his individual capacity), and THE CITY OF BARRE, VERMONT<br>Defendants | )<br>)<br>)<br>) |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon L. Brooke Dingledine, Esquire, Plaintiff's attorney, whose address is Valsangiacomo, Detora & McQuesten, P.C., P. O. Box 625, Barre, Vermont 05641, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer also must be filed with the court to be held at Washington Superior Court, City of Montpelier, County of Washington. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE. If you believe that the plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiff, you may wish to consult an attorney. If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

Dated: March 8, 2001

_____
L. BROOKE DINGLEDINE, ESQUIRE

Served on_____

_____
Constable/Deputy Sheriff

VALSANGIACOMO,
DETORA & McQUESTEN P.C.
P. O. BOX 625
BARRE, VERMONT 05641
802-476-4181